### WILL OF HOEGE.

*June 4—June 24, 1929.*

For the appellant there was a brief by *Henry J. Bohn* and *Robert H. Gollmar,* both of Baraboo, and oral argument by *Mr. Gollmar.*

For the respondents there was a brief by *J. W. Frenz* of Baraboo, attorney for the executor, and *Grotophorst, Quale & Langer* of Baraboo, attorneys for Cora E. Hoege, and oral argument by *Mr. Frenz.*

CROWNHART, J.  The will of the deceased, Eliza Hoege, provided that her estate, consisting of forty acres of land upon which there were farm buildings, should go to her issue, being two sons and one daughter, in the following proportions: To her son, Alba J. Hoege, an undivided one-half; to her daughter, Cora E. Hoege, an undivided three-eighths; and to her son, Orrin B. Hoege, an undivided one-eighth.  The will contains this further provision:

"And in making the provision herein mentioned for my daughter, Cora E. Hoege, it is my will that she shall have three-eighths of the said land, and the house and other buildings on the same."

The contestant, Orrin B. Hoege, contends that the deceased was incompetent to make the will; that the will was not executed in the manner provided by law; and that the will was procured by the exertion of undue influence of the devisees Alba J. Hoege and Cora E. Hoege.

The will was executed in due form, as appears from the face thereof.  There is no evidence from which the court reasonably could find that any undue influence was brought to bear upon the testator in making her will.

The main contention is that the will in fact fails to carry out the intention of the testator and is invalid for that reason.  The will devises undivided interests in the land, and there was evidence before the court from which it might appear that the testator, prior to the making of the will, had expressed her intention of devising the land in specifically

divided portions, and the intent by her expressed that the daughter should have the farm buildings indicates that she had that thought in mind at the time she made the will. But the language of the will is not ambiguous. The will plainly devises the land to her children as tenants in common.

The construction of the will is to be determined when the estate is assigned, or in a proper proceeding in the county court for a construction of the will.

The county court found that the deceased was competent to make the will; that she was under no restraint in making it; and that the will was duly executed. The evidence sustains his findings. It is unnecessary to review the evidence in detail.

*By the Court.*—The order of the county court is affirmed.